IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DAVID HAMMERS,**

        **Plaintiff,**

**v.**                                          **Case No.  3:13-CV-03659-M-BK**

**THE CITY OF DALLAS, et al.,**

        **Defendants.**

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The cause is now before the Court on Defendants' *Motion for Partial Judgment on the Pleadings*.  Doc. 26.  For the reasons that follow, the Court recommends that the motion be **GRANTED**.

### I.  PROCEDURAL HISTORY

In September 2013, Plaintiff filed a *pro se* complaint against (1) the City of Dallas ("the City"); (2) Mike Rawlings, the City's mayor; (3) James Martin, the City's Director of Code Compliance Services; (4) Anita Childress, Chair of the City's Civil Service Board; and (5) Patricia Marsolais, Director of the City's Civil Service Board.  Doc. 3 at 1.  Plaintiff raises various causes of action relating to his failure to get hired by the City for a job, including claims for race, sex, and age discrimination, breach of contract, due process violations, and negligence. Doc. 3 at 3-6.  The City and Defendants Rawlings, Martin, and Childress (collectively, "Defendants") now move for partial judgment on the pleadings.  Doc. 26.

### II.  APPLICABLE LAW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  A Rule 12(c)

motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13. The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (discussing Rule 12(b)(6)).

### III.   ARGUMENTS AND ANALYSIS

   A.  *Due Process Claim*

Defendants first assert that they are entitled to judgment on the pleadings on Plaintiff's due process claim because (1) Plaintiff only states in a conclusory fashion that certain unspecified guidelines were not followed while his administrative complaints against the City were pending; and (2) even if Plaintiff had pled sufficient facts to show that Defendants failed to follow particular guidelines, he cannot establish that he has a property interest giving rise to the Fourteenth Amendment's due process protections as there is no property interest in obtaining

government employment.  Doc. 26 at 12-13.  Moreover, the individual Defendants argue that they are entitled to qualified immunity as to this claim.  Doc. 26 at 14-18.

Plaintiff responds that his right to due process was violated during the administrative proceedings relating to his complaint because (1) City employees' and non-employees' complaints are not handled identically; and (2) his hearing was not set within the time limits prescribed by the Civil Service Board rules.  Doc. 29 at 14, 17-18, 27, 29-30.  Plaintiff further asserts that he recently discovered that his right to remain on a list of eligible applicants for job consideration without reapplying and retesting also was abridged without due process when the City changed to a different system without notice.  Doc. 29 at 18-19.  Finally, Plaintiff catalogs a number of improper actions and errors that he contends Childress made during his administrative hearing.  Doc. 29 at 28-30.

Defendants reply that Plaintiff has no property interest in any procedures that were supposed to have been accorded to him during the administrative grievance process.  Doc. 35 at 7.

As Defendants correctly argue, there exists no property interest in any procedural rules that the City is supposed to have followed during the grievance process.  *Cabrol v. Town of Youngsville*, 106 F.3d 101, 106-07 (5th Cir. 1997) (holding that a town council's use of a particular set of parliamentary procedural rules does not operate to create a property interest).  Thus, to the extent that Plaintiff argues the administrative grievance procedures that were accorded him did not comply with the City's rules, his due process claim must fail.  To the extent Plaintiff contends he has a right to remain on the list of eligible job applicants, that claim also must fail.  As Defendants aptly note, there is no property interest in obtaining government employment, so there can hardly be a property interest in remaining on a list of those eligible for

such employment. Indeed, the Court of Appeals for the Fifth Circuit has explained that to set forth a viable due process claim against the state based on a property interest in employment, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Daly v. Sprague*, 675 F.2d 716, 726 (5th Cir. 1982) (quoting *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiff has not made this showing. Accordingly, his due process claim should be dismissed with prejudice. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

*B. Breach of Contract*

The City next argues that Plaintiff's breach of contract claim warrants dismissal because (1) it is conclusory; (2) the personnel rules on which his claim is based are not a contract as a matter of law; and (3) the City is immune from contract suits. Doc. 26 at 19-20. Plaintiff responds that Defendants made a series of promises to him as a citizen, as set forth in the Dallas City Code, the City's personnel code, the City Charter, the civil service rules, administrative directives, the City's code of ethics, and other Texas code provisions, and are thereby estopped from breaching their contractual obligations. Doc. 29 at 32-33.

Plaintiff's claim fails as a matter of law. The Supreme Court of Texas has held that Texas municipalities are immune from breach of contract lawsuits unless immunity has been waived by clear and unambiguous language of the legislature. *Tooke v. City of Mexia*, 197 S.W.3d 325, 331-33 (Tex. 2006). There is no suggestion that has taken place in this case. Accordingly, this claim should be dismissed with prejudice. *McConathy*, 131 F.3d at 561-62.

*C. Negligence Claims*

Lastly, the individual Defendants move to dismiss Plaintiff's negligence claims, arguing both that they are immune from suit and that the statutory procedures and remedies under Title VII and the Age Discrimination in Employment Act preempt a cause of action for negligent hiring or supervision stemming from discrimination.  Doc. 26 at 21-26.  Plaintiff responds that Defendants' claim to immunity is unconstitutional.  Doc. 29 at 34.

In his complaint, Plaintiff purports to have sued the individual Defendants for negligence in both their individual and official capacities.  Doc. 3 at 5.  To the extent Plaintiff has sued the Defendants in their individual capacities, the negligence claims against them should be dismissed pursuant to the election of remedies provision contained in the Texas Tort Claims Act ("TTCA").  That statutory provision compels dismissal of a suit against a government employee if the suit is based on conduct within the general scope of that employee's employment and the suit could have been brought against the governmental unit.  TEX. CIV. PRACT. & REM. CODE § 101.106(f); *see also Tex. Adjutant Gen. Office v. Ngakoue*, 408 S.W.3d 350, 354-55 (Tex. 2013) (noting that the election of remedies statute is intended to force a plaintiff to decide at the outset whether a government employee acted independently such that he is individually liable or acted within the general scope of his employment such that the governmental entity is liable).  Plaintiff is clearly suing the individual Defendants for acts that took place during the course of their employment.  As such, his negligence claims against them in their individual capacities should be dismissed with prejudice.  *McConathy*, 131 F.3d at 561-62.

Finally, Plaintiff's suit against Defendants in their official capacities is subject to dismissal because the TTCA does not waive immunity as to such claims.  A negligence claim against a government official in his official capacity is the same as a negligence claim against the

government itself. *Franka v. Velasquez,* 332 S.W.3d 367, 382 n.68 (Tex. 2011) (holding that "a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.'") (quotation omitted).  The TTCA only waives the a governmental entity's immunity for negligence claims that involve property damage, personal injury, or death arising out of the use of a motor vehicle or tangible personal or real property. TEX. CIV. PRAC. & REM. CODE § 101.021.  Plaintiff's negligence claims do not fall into any of those categories.  As such, those claims should be dismissed with prejudice.  *McConathy*, 131 F.3d at 561-62.

### IV.   CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motion for Partial Judgment on the Pleadings*, Doc. 26, be **GRANTED**.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE