IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID HAMMERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No.  3:13-CV-03659-M-BK |
| | § | |
| THE CITY OF DALLAS, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The cause is now before the Court on Defendant Patricia Marsolais' *Motion for Judgment on the Pleadings*.  Doc. 44.  For the reasons that follow, the Court recommends that the motion be **GRANTED**.

**I.    PROCEDURAL HISTORY**

In September 2013, Plaintiff filed a *pro se* complaint against (1) the City of Dallas ("the City"); (2) Mike Rawlings, the City's mayor; (3) James Martin, the City's Director of Code Compliance Services; (4) Anita Childress, Chair of the City's Civil Service Board; and (5) Patricia Marsolais, Director of the City's Civil Service Board.  Doc. 3 at 1.  Plaintiff raises various causes of action relating to his failure to get hired by the City for a job, including claims for race, sex, and age discrimination, breach of contract, due process violations, and negligence. Doc. 3 at 3-6.  In regard to Defendant Marsolais (hereafter "Defendant"), he alleges that she failed to follow various procedural guidelines, which affected his due process rights, and negligently failed to supervise and train her employees (1) to prohibit discriminatory hiring and employment practices; (2) on how to handle complaints of discrimination; and (3) on how to take

appropriate remedial action. Doc. 3 at 4-6. Defendant now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 44.

## II. APPLICABLE LAW

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13. The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

## III. ARGUMENTS AND ANALYSIS

### A. Due Process Claim

Defendant first asserts that she is entitled to judgment on the pleadings as to Plaintiff's due process claim because he cannot establish that he has a property interest giving rise to the Fourteenth Amendment's due process protections, as there is no property interest in obtaining government employment. Doc. 44 at 10. Defendant also argues that she is entitled to qualified immunity as to this claim. Doc. 44 at 10-12.

Plaintiff responds that due process was violated during the administrative proceedings relating to his complaint because (1) City of Dallas employees' and non-employees' complaints are not handled identically; and (2) Defendant did not complete her prescribed duties within the allotted time frames after service of his complaint, in violation of the civil service rules, which caused him emotional distress.  Doc. 45 at 7-8.  Plaintiff further asserts that he recently discovered that his right to remain on a list of eligible applicants for job consideration without reapplying and retesting also was abridged without due process when the Civil Service Board, over which Defendant has supervisory authority, changed to a different system without notice. Doc. 45 at 9.  Finally, Plaintiff asserts that Defendant is not entitled to qualified immunity, and he will "provide facts" demonstrating such.  Doc. 45 at 9, 11-12.

As Defendant correctly argues, there exists no property interest in any post-grievance procedural rules or the lack thereof.  *Cabrol v. Town of Youngsville*, 106 F.3d 101, 106-07 (5th Cir. 1997) (holding that a town council's use of a particular set of parliamentary procedural rules in addressing hiring issues presented to the council does not create a property interest because "property cannot be defined by the procedures provided for its deprivation") (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)); *Henderson v. Sotelo*, 761 F.2d 1093, 1097-98 (5th Cir. 1985) (violation of city charter's procedure requiring "advice and consent" of city commissioners prior to termination does not create a property interest that otherwise did not exist).  Thus, to the extent Plaintiff argues that Defendant did not wholly comply with the civil service rules, his due process claim must fail.

To the extent Plaintiff contends he has a right to remain on the list of eligible job applicants, such claim also must fail.  The Court of Appeals for the Fifth Circuit has explained that to allege a viable due process claim against the state based on a property interest in

3

employment, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Daly v. Sprague*, 675 F.2d 716, 726 (5th Cir. 1982) (quoting *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiff has not made this showing. And if there is no property interest in obtaining government employment, there can hardly be a property interest in remaining on a list of those eligible for such employment. Based on these findings, the Court need not address Defendant's qualified immunity argument. Plaintiff's due process claim against Defendant should be dismissed with prejudice. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

    *B. Negligence Claims*

Defendant next moves to dismiss Plaintiff's negligence claims. She argues that, to the extent she is sued in her individual capacity, those claims must be dismissed based on the election of remedies provision contained in the Texas Tort Claims Act ("TTCA"). Doc. 44 at 13-15. Relatedly, Defendant asserts that she is immune from any negligence claims brought against her in her official capacity. Doc. 44 at 15-16. Plaintiff responds that Defendant's immunity defense is meritless because she has not provided factual evidence to sustain her claim, and he has determined that the City has no policy on how to interview and hire employees.[1] Doc. 44 at 12, 14.

In his complaint, Plaintiff asserts claims against Defendant for negligence in both her individual and official capacities. Doc. 3 at 5. As Defendant correctly argues, the individual

---

[1] Plaintiff repeatedly references 42 U.S.C. § 1983 in his response, Doc. 45 at 12-13, 15, but he did not allege a section 1983 cause of action in his complaint, so the Court will not address it further.

capacity negligence claims against her should be dismissed pursuant to the TTCA. The TTCA compels dismissal of a suit against a government employee if the suit is based on conduct within the general scope of that employee's employment and the suit could have been brought against the governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.106(f); *see also Tex. Adjutant Gen. Office v. Ngakoue*, 408 S.W.3d 350, 354-55 (Tex. 2013) (noting that the election of remedies statute is intended to force a plaintiff to decide at the outset whether a government employee acted independently such that he is individually liable or acted within the general scope of his employment such that the governmental entity is liable). Plaintiff is clearly suing Defendant for actions she allegedly took or failed to take in the scope of her employment. Consequently, his negligence claims against Defendant in her individual capacity should be dismissed with prejudice. *McConathy*, 131 F.3d at 561-62.

Finally, Plaintiff's suit against Defendant in her official capacities is subject to dismissal because the TTCA does not waive immunity as to such claims. A negligence claim against a government official in her official capacity is the same as a negligence claim against the government itself. *Franka v. Velasquez*, 332 S.W.3d 367, 382 n.68 (Tex. 2011) (holding that "a suit against a state official is merely 'another way of pleading an action against the entity of which [the official] is an agent.'") (quotation omitted). The TTCA only waives a government entity's immunity for negligence claims that involve property damage, personal injury, or death arising out of the use of a motor vehicle or tangible personal or real property. TEX. CIV. PRAC. & REM. CODE § 101.021. Plaintiff's negligence claims do not fall into either of those categories. Thus, they should be dismissed with prejudice. *McConathy*, 131 F.3d at 561-62.

## IV.     CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's *Motion for Judgment on the Pleadings*, Doc. 44, be **GRANTED** and all claims against her **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 13, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE